FILED
SUPERIOR COURT
OF GUAM

2020 DEC 16 AM 9: 54

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>ETHAN JEROME CRUZ DUENAS,<br><br>Defendant. | CRIMINAL CASE NO. CF0093-20<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on October 27, 2020, for remote hearing on Defendant Ethan Jerome Cruz Duenas's ("Defendant") Motion for De-Certification and Transfer to Family Court. Present via teleconference were Defendant with counsel, Assistant Public Defender Alisha Molyneux, and Assistant Attorney General Alysa Draper-Dehart on behalf of the People of Guam ("the Government"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On February 28, 2020, Defendant was indicted with one count of First Degree Criminal Sexual Conduct (As a First Degree Felony) and one count of Second Degree Criminal Sexual Conduct (As a First Degree Felony). These charges stem from allegations that Defendant inappropriately touched a twelve year old female minor on or about February 1, 2020. (Decl. of Christine Santos Tenorio, Magistrate's Compl., Feb. 12, 2020).

On September 9, 2020, Defendant filed the instant Motion. On October 12, 2020, the Government filed its Opposition, and on October 27, 2020, Defendant filed his Reply along with statements from the alleged victim, her mother, and brother under seal in support of his Motion. On October 27, 2020, the Court heard oral arguments from the parties and subsequently placed the matter under advisement.

## DISCUSSION

Defendant moves the Court to de-certify his status as an adult and transfer this matter to the Family Court. *See generally*, Mot. De-Certify, Sep. 9, 2020.

Under Guam law, "[a] child who is sixteen (16) years of age or older at the time he committed the offense for which he is charged shall automatically be charged as an adult for any act which would constitute a felony of the first or second degree. . ." 19 G.C.A. § 5106(a). Notwithstanding this section, a defendant may move the Court to transfer the indictment "to the jurisdiction of the Family Court upon a finding based on clear and convincing evidence that the best interest of the minor would be amenable to the care, treatment, and training programs available through the facilities of the juvenile court based on an evaluation" of eight factors. 19 G.C.A. § 5106(d). The Court must evaluate the following:

(1) the age of the minor;
(2) the history of the minor, including:
    (A) any previous delinquent or criminal history of the minor;
    (B) any previous abuse or neglect history of the minor; and
    (C) any mental health, physical or educational history of the minor, or a combination of both these factors;
(3) the circumstances of the offense, including:
    (A) the seriousness of the offense;
    (B) whether the minor is charged through accountability;
    (C) whether there is evidence the offense was committed in an aggressive and premeditated manner;
    (D) whether there is evidence the offense caused serious[] bodily harm; and
    (E) whether there is evidence the minor possessed a deadly weapon;
(4) the advantages of treatment within the juvenile justice system, including, whether there are facilities or programs, or both, particularly available in the juvenile system;

(5) whether the security of the public requires sentencing under Title 9, Chapter 80 of the Guam Code Annotated;

(6) the minor's history of services, including the minor's willingness to participate meaningfully in available services;

(7) whether there is a reasonable likelihood that the minor can be rehabilitated before the expiration of the juvenile court's jurisdiction; and

(8) the adequacy of the punishment or services.

In considering these factors, the court *shall* give greater weight to the seriousness of the alleged offense and the minor's prior record of delinquency than to the other factors listed in this Subsection.

19 G.C.A. § 5106(d) (emphasis in original). Accordingly, the Court will focus its evaluation on Defendant's prior record of delinquency and the circumstances of the offense.

Here, Defendant was seventeen years old at the time of the alleged offense and has no previous delinquent or criminal history; has no history of abuse or neglect; nor any known mental health, physical or educational issues. The Government acknowledges that Defendant has no prior contact with the criminal justice system. *See* Opp'n at 3, Oct. 12, 2020. Accordingly, Defendant's age, lack of history of abuse or neglect, and lack of criminal history weigh in favor of a transfer to family court.

As to the circumstances of the offense and seriousness of the alleged offense, Defendant is charged with First Degree Criminal Sexual Conduct (As a First Degree Felony) and Second Degree Criminal Sexual Conduct (As a First Degree Felony). These charges are first degree felonies based on the fact that the alleged victim is a minor under the age of fourteen. There are no allegations that Defendant possessed a deadly weapon. The Declaration attached to the Magistrate's Complaint sets forth that the minor victim and Defendant were laying on a bed when he started to caress her buttock, then moved his hand toward her vagina. (Decl. of Christine Santos Tenorio, Magistrate's Compl., Feb. 12, 2020). Defendant touched the victim's vagina, then inserted one finger into her vagina. *Id.* The victim froze and did not know what to do. *Id.* Defendant continued to penetrate the victim's vagina. *Id.* Defendant attempted to insert two fingers into her vagina, but the victim flinched out of pain. *Id.* Defendant admitted to inserting his finger into the victim's vagina. *Id.*

The Court acknowledges that these charges are very serious offenses. The severity of the offenses forms the basis of the Government's opposition to transfer of this matter to the family court. *See generally*, Opp'n. The Government argues that the "violent sexual nature of the offense, together with the aggravating circumstance that it was committed against a 12-year-old minor tend to suggest rehabilitation is unlikely and treatment would not be effective." *Id.* at 4. While the Government argues this, however, the Court notes that Defendant appears to have fully admitted to his actions to GPD in this matter. Further, the facts set forth at this time do not indicate that Defendant acted in a premeditated manner rather that he acted impulsively.

"Our history is replete with laws and judicial recognition that minors, especially in their earlier years, generally are less mature and responsible than adults." *Eddings v. Oklahoma*, 455 U.S. 104, 115-16 (1982). They "often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them and they are more vulnerable or susceptible to outside pressures than adults." *J.D.B. v. North Carolina*, 564 U.S. 261, 274 (2011) (citing *Bellotti v. Baird*, 443 U.S. 622, 635 (1979) and *Roper v. Simmons*, 543 U.S. 551, 569 (2005)) (internal quotation marks and alterations omitted). This includes peer pressure. *Eddings*, 455 U.S. at 115 ("youth is more than a chronological fact. It is a time and condition of life when a person may be most susceptible to influence and to psychological damage."). These characteristics mean that "[i]t is difficult even for expert psychologists to differentiate between the juvenile offender whose crime reflects unfortunate yet transient immaturity, and the rare juvenile offender whose crime reflects irreparable corruption." *Roper*, 543 U.S. at 573 (citation omitted). "The reality that juveniles still struggle to define their identity means it is less supportable to conclude that even a heinous crime committed by a juvenile is evidence of irretrievably depraved character." *Id.* at 553. "[T]he relevance of youth as a mitigating factor derives from the fact that the signature qualities of youth are transient; as individuals mature, the impetuousness and recklessness that may dominate in younger years can subside." *Id.* at 570 (citation omitted). Thus, through counseling, a juvenile may "course correct" before adulthood and not become a career or predatory criminal.

With this in mind, the Court finds that the availability of treatment within the juvenile justice system and Defendant's willingness to comply and take part in such treatment to be significant and weigh in favor towards the transfer of this case to Family Court. Defendant's age, lack of prior record of delinquency, and that he has not been accused of using a deadly weapon also favor a high rate of rehabilitation within the Family Court system. The alleged victim's family and Defendant's family are close family friends and their established and intended continued relationships would benefit from this arrangement, as the Family Court would provide intensive individual and family counseling. The Court further notes that the alleged victim's mother seeks for Defendant to receive treatment and therapy rather than jail time. *See* Defendant's Exhibits to Mot. for De-Certification and Transfer to Family Court [Filed Under Seal], Oct. 27, 2020. Accordingly, the Court grants Defendant's Motion for De-Certification and Transfer to Family Court.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for De-Certification and Transfer to Family Court. The Office of the Attorney General – Family Division is hereby ordered to file a Juvenile Petition within **thirty (30) days** of the issuance of this Decision and Order. Upon receipt of proof of the filing of the juvenile petition, the Court will dismiss the instant matter.

IT IS SO ORDERED this 16th day of December, 2020.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG, PDSC

Date: 2/16/20 Time: 10:10

Deputy Clerk, Superior Court of Guam

*People v. Duenas*
Case No. CF0093-20
Decision and Order

Page 5 of 5